**In the Matter of Gary VAN RIDER.**

No. 84S00–9804–DI–244.

Supreme Court of Indiana.

Sept. 2, 1999.

John H. Caress, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM

By failing to recuse himself from a criminal proceeding against his son, but instead using his authority as judge to order his son's release from jail following his arrest, former Vigo County Court Judge Gary Van Rider violated the *Code of Judicial Conduct.* For that misconduct, we conclude that he should be publicly reprimanded.

Before us now for approval is a *Statement of Circumstances and Conditional Agreement for Discipline* submitted by the respondent, Van Rider, and the Disciplinary Commission in contemplated resolution of this disciplinary case. Our jurisdiction here is a result of the respondent's admission to this state's bar on October 11, 1977. The respondent currently practices law in Terre Haute, Indiana.[1]

The parties agree that on October 31, 1996, the respondent was the presiding judge of the Vigo County Court in Terre Haute, Indiana. Late that night, police stopped the respondent's son on a routine traffic matter. During a search of the car, police discovered a substance they believed to be cocaine. The respondent's son was arrested, transported to the Vigo County Jail, and booked. Afterward, he called the respondent and advised him of his arrest. The respondent, using his authority as judge of the Vigo County Court, immediately ordered his son released on his own recognizance. Thereafter, the respondent took no further official action in connection with his son's case.

That parties agree that the respondent violated Canon 3(E)(1)(d)(i) of the *Code of Judicial Conduct,* which provides:

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:

(d) the judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person, or a person residing in the judge's household:

(i) is a party to the proceeding, or an officer, director or trustee of a party;

▮ Where a judge's child is a defendant in a criminal proceeding subject to the

---

1. This case has been prosecuted by the Disciplinary Commission due to the fact that the respondent's term as judge expired on December 31, 1996.

authority of the judge's court, Canon 3(E)(1)(d)(i) requires the judge to disqualify because, under such circumstances, the judge's impartiality might reasonably be questioned. Because the respondent did not disqualify himself but instead used his judicial authority to secure his son's recognizance, we find that he violated Canon 3(E)(1)(d)(i).

We now turn to the issue of sanction for the misconduct. The parties have agreed that the appropriate sanction is a public reprimand. Several factors are offered in mitigation of his actions:

1. The respondent's lack of prior history of disciplinary action;

2. His full and free disclosure to the Disciplinary Commission of the facts and circumstances relevant to this matter;

3. His cooperative attitude toward the disciplinary process;

4. That the misconduct at issue was not the product of selfish motivation or done for personal financial gain; and

5. That, at the time the respondent acted, he did so on the belief his son's personal safety might be at an elevated risk during incarceration in the Vigo County Jail since he was the son of a sitting Vigo County Court judge.

In aggravation, the parties stipulate to the following:

1. In the fall of 1996, an anonymous publication called the *Tribunal Star* was circulated around the Vigo County Courthouse.

2. The *Tribunal Star* contained a long list of accusations against, and photographs of, government and media figures in Vigo County.

3. In November 1996, a copy of the *Tribunal Star* was posted on the bulletin board of [the] Respondent's court offices where non-court personnel could view it.

4. Among the entries displayed was a circled picture and allegation against . . . a reporter for the *Terre Haute Tribune Star.* The unsupported allegation claimed [the reporter] had been investigated for the crime of child molesting by the Indiana State Police. The *Tribunal Star* was not removed until a request was made by a representative of the *Tribune Star* directly to [the] Respondent.

5. [The reporter] was the author of the *Terre Haute Tribune Star's* front page article about [the] Respondent's release of his son from jail.

We consider these factors relative to our assessment of the gravity of the respondent's actions. It is not disputed that the respondent used his judicial office as a vehicle to promote a private interest, that being his son's immediate release from jail. Canon 2(B) of the *Code of Judicial Conduct* directs that judges not allow family relationships to influence their judicial conduct or judgment.[2] The respondent's acts, especially reported as they were in the local newspaper, likely diminished public confidence in the judiciary and certainly served to erode the public's perception of the courts as dispensers of impartial justice. Although it is understandable that the respondent may have had concerns about his son's safety, such concerns do not excuse his violations of the *Code.* He secured his son's release in violation of his judicial obligation to be impartial or to recuse himself where his impartiality could be reasonably questioned. We can not think of a situation more fraught with the threat of partiality as where a judge's child faces criminal charges subject to the authority of the judge's court. However, that the respondent harbored no malicious intention or purely selfish motive by his actions mitigates in his favor and that factor outweighs the aggravating impact of his permitting, in apparent retaliation, use of his public office to publish materials disparaging the reporter who covered the incident. We are thus persuaded to accept the agreed sanction in this case.

It is therefore, ordered that the respondent, Gary Van Rider, is hereby reprimanded and admonished.

The clerk of this Court is directed to provide notice of this order in accordance with

---

2. We note that the Commission has not charged the respondent with violating Canon 2(B), and we therefore do not find that he violated that provision, although such a charge may have been appropriate under the facts of this case.

Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against the respondent.