

FILED
Aug 10 2018, 1:40 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



# IN THE
# Indiana Supreme Court

Supreme Court Case No. 18S-JD-351

## In the Matter of the Honorable
## Ryan D. Johanningsmeier, Judge of the
## Knox Superior Court 2,

*Respondent.*

---

Decided: August 10, 2018

Judicial Discipline Action

---

**Per Curiam Opinion**

All Justices concur.

**Per Curiam.**

We find that Respondent, the Honorable Ryan D. Johanningsmeier, Judge of the Knox Superior Court 2, engaged in judicial misconduct by his actions in, and failure to recuse from, a close friend's traffic-infraction case.

The matter is before us on the Indiana Commission on Judicial Qualifications' ("Commission's") "Notice of the Institution of Formal Proceedings and Statement of Charges" against Judge Johanningsmeier. Together with the filing of formal charges, the parties jointly tendered a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating to the following facts.

## Stipulated Facts

Judge Johanningsmeier has been judge of Knox Superior Court 2 since January 2015. He is close friends with B.K., who received a speeding ticket in April 2015.

On June 18, 2015—shortly after vacationing with Judge Johanningsmeier—B.K. failed to appear in Bicknell City Court on the ticket, so default judgment was entered and his license was suspended for failure to appear. On June 30, 2015, B.K. filed a petition for a trial de novo in Judge Johanningsmeier's court. Judge Johanningsmeier granted the motion the same day and reinstated B.K.'s license, without giving the prosecutor opportunity to respond (thus violating Trial De Novo Rule 2(E)) or disclosing the conflict.

The situation came to the Commission's attention and resulted in a March 9, 2016 private caution letter advising Judge Johanningsmeier that his close friendship with B.K. would cause a reasonable person to question his impartiality under Indiana Judicial Conduct Rule 2.11(A). Despite the caution, Judge Johanningsmeier did not recuse and did not set the matter for hearing. The case remained in limbo until early 2017.

Meanwhile, shortly before Christmas 2016 and while the case was still pending, Judge Johanningsmeier posted on Facebook a photo of himself, his sister, and B.K. at a party in the Judge's home. The photo, which B.K.

"liked," was visible to the public and showed that Judge Johanningsmeier and B.K. were close friends.

On March 6, 2017—almost a year after Judge Johanningsmeier's private caution letter—the prosecutor moved for bench trial in B.K.'s case. Instead of recusing, Judge Johanningsmeier set the motion for hearing on March 20, 2017. At the hearing, he stated on the record that the case involved "a friend of mine" and "I was hoping we could just get the State to dismiss it." The prosecutor immediately orally moved to dismiss the case, and Judge Johanningsmeier granted the motion.

## Discussion

The Commission charges, and Judge Johanningsmeier agrees, that his conduct violated six provisions of the Code of Judicial Conduct:

- Rule 1.1, requiring judges to comply with the law;
- Rule 1.2, requiring judges to avoid impropriety and act at all times in a manner promoting public confidence in the judiciary's integrity;
- Rule 1.3, prohibiting judges (as relevant here) from abusing the prestige of judicial office to advance others' personal or economic interests;
- Rule 2.2, requiring judges to uphold and apply the law and to perform all judicial duties fairly and impartially;
- Rule 2.4(B), prohibiting judges from allowing (as relevant here) social relationships to influence the judge's judicial conduct or judgment; and
- Rule 2.11(A), requiring judges to disqualify themselves in any proceeding in which their impartiality might reasonably be questioned.

The parties' agreement cites no aggravators. As mitigators, the parties agree that Judge Johanningsmeier cooperated with the Commission's investigation and is remorseful. And they agree that the appropriate sanction under the circumstances is a public reprimand plus assessing costs of this proceeding against Judge Johanningsmeier.

We agree with the parties. "A public reprimand is a significant blemish on a sitting judge's reputation, adversely affecting the public's evaluation of the judge's performance in office." *In re Newman*, 858 N.E.2d 632, 635–36 (Ind. 2006). And we have publicly reprimanded a judge under comparable circumstances.

In *In re Van Rider*, a judge failed to recuse from his son's criminal case and instead ordered him immediately released from jail on his own recognizance. 715 N.E.2d 402, 404 (Ind. 1999). Similarly here, Judge Johanningsmeier failed to recuse and instead acted to secure favorable treatment for his friend. Such actions are obvious violations of a judge's most basic ethical duty—impartiality. And they "diminish[] public confidence in the judiciary" and "erode the public's perception of the courts as dispensers of impartial justice." *Id.* We found a public reprimand appropriate in *Van Rider* and find it appropriate here as well.

## Conclusion

Accordingly, Ryan D. Johanningsmeier, Judge of the Knox Superior Court 2, is hereby reprimanded. This discipline terminates the disciplinary proceedings relating to the circumstances giving rise to this case. The costs of this proceeding are assessed against Respondent.

All Justices concur.

ATTORNEY FOR RESPONDENT
Patrick J. Olmstead
Greenwood, Indiana

ATTORNEYS FOR INDIANA COMMISSION ON JUDICIAL QUALIFICATIONS
Adrienne L. Meiring, Counsel to the Commission
Marcus McGhee, Staff Attorney to the Commission
Indianapolis, Indiana