RICE *v*. STATE OF INDIANA.

[No. 0-781. Filed April 24, 1967.]

*Philip M. Rice, pro se.*

PER CURIAM.—Upon a plea of guilty to the charge of issuing a fradulent check the appellant on October 31, 1960 was sentenced to from one to ten years in the Indiana State Prison. Commitment was withheld, and the defendant was placed on probation for a period of two years pending good behavior and certain other conditions.

On December 30, 1961 the Indiana Probation Officer filed a petition for revocation of his probation, and a bench warrant was ordered for appellant because in the words of the judgment rendered in the Elkhart Superior Court on April 24, 1964 "defendant left the jurisdiction of this court and absconded for parts unknown, on or about December 13, 1960, and that he has avoided the process of this Court, and has violated his terms of probation in a number of respects."

On April 24, 1964 the trial court revoked defendant's probation and ordered defendant committed to the Indiana State Prison "for a period of not less than one (1) year, nor more than ten (10) years, such sentence to be served beginning as and from this date." Subsequently at a date not given a petition for correction of sentence was filed alleging that the sentence should run from date of the judgment, October 31, 1960.

It appears that on June 9, 1965, the trial court entered an order denying the petition for correction of sentence. On June 14, 1965, appellant filed notice of appeal with the trial court. On July 16, 1965, an "appeal," "assignment of errors" and "memorandum" were filed in this court.

As to appellant's argument that a new sentence could not be imposed upon revocation of his probation due to the exist-

ence of a prior sentence the legislature of our state has specifically approved this procedure. Burns' § 9-2211 (1956 Repl.) states:

"... If it shall appear that the defendant has violated the terms of his probation or has committed another offense, the court *may revoke the probation* or the suspension of sentence and *may impose any sentence* which might originally have been imposed." (Emphasis added).

This question has been determined to the contrary of petitioner's contention by this Court, in *State ex rel. Wilson* v. *Lowdermilk, Judge,* 245 Ind. 93, 195 N. E. 2d 476 (1964), specifically rejecting the argument that defendant therein was "serving" a suspended sentence from the date the judgment was entered and further refused to limit the trial court's discretion to impose a sentence which extended beyond expiration date of the original sentence.

The reasoning behind this decision is that a prisoner on probation should not be given the benefit as time "served" on his sentence of the time elapsed if he escapes from the jurisdiction of the Court and violates his parole. In a hypothetical situation he could give himself up shortly before his term expires and offer to serve the remaining few days of his sentence.

Hunter and Jackson, JJ., dissent.

NOTE.—Reported in 225 N. E. 2d 580.