Bill ALLEY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 54A01–9001–CR–19.

Court of Appeals of Indiana,
First District.

July 5, 1990.

Susan K. Carpenter, Public Defender of Indiana, Hilary Reeve, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Appellant-defendant Bill Alley brings this appeal from the trial court's revocation of his probation.

We affirm.

Alley's asserted error in the trial court's action centers on whether his probation had terminated by operation of law at the time the State filed a second petition to revoke his probation. In support of Alley's contention that his probation had ended, he cites *Slayton v. State* (1989), Ind.App., 534 N.E.2d 1130, in which the court held that Slayton's term of probation could not extend beyond the three-year term of his suspended sentence. *Id.* at 1131.

Alley pled guilty to second degree burglary on September 9, 1974 and was sentenced to two to five years' imprisonment. On October 21, 1974 the court suspended the sentence and ordered Alley committed to the Department of Mental Health for drug rehabilitation for a period of not more than three years, and probation. Shortly after, on December 4, 1974 the State filed a petition to revoke Alley's probation and for bench warrant. The petition alleged that Alley had left his assigned treatment center without completing treatment and had not been located.

Alley first appeared on the revocation petition on May 9, 1978. On June 18, the court determined Alley had violated the terms of his probation, and decreed that Alley serve an extended term of five years' probation. The State's second petition to revoke, alleging that Alley had failed to continue to live at his present place of residence, pay court costs, and report to his probation officer, was filed on March 23, 1981. After spending some time in Texas, Alley appeared on the warrant on April 10, 1987. Due to a series of continuances and failures to appear attributable to Alley, the court did not dispose of the State's revocation petition until April 24, 1989. On that date, the trial court revoked Alley's probation and ordered the execution of Alley's original two to five year sentence.

■ In accordance with *Slayton, id.,* Alley contends that his probation ended automatically five years from the date that he was sentenced. He argues that as of September 9, 1979, his probation ended by operation of law; hence, the State's revocation petition of March 23, 1981 was untimely.

We disagree that the period of Alley's probation ended by law five years after pronouncement of sentence. IND.CODE 35–38–2–3 provides in part:

(a) When a petition is filed charging a violation of a condition of probation, the court may:

(1) order a summons to be issued to the person to appear; or

(2) order a warrant for the person's arrest if there is a risk of his fleeing the jurisdiction or causing harm to others.

(b) The issuance of a summons or warrant tolls the period of probation until the final determination of the charge.

By the plain and unambiguous language of I.C. 35–38–2–3(b), the issuance of a summons or warrant tolls the period of probation until the final determination of the charge. *Slayton* did not involve any time tolled by the bringing of a revocation petition. While *Slayton* holds that a court may not enlarge the period of probation beyond the statutory maximum, the discrete issue presented in this case is precisely what period Alley was on probation. A determination of any time during which the period of probation was tolled under I.C. 35–38–2–3(b) would define the period of probation, and in turn would fix the time during which the State could seek to revoke Alley's probation. The statute we cite precludes a probationer from violating the terms of his probation and fleeing the jurisdiction until the term of the suspended sentence elapses, thereby thwarting the State's efforts to revoke his probation. *Compare Rice v. State* (1967), 248 Ind. 206, 225 N.E.2d 580 (rejecting defendant's contention that executed sentence commence from date of original sentencing, not from date probation was revoked); *see also State v. Lowdermilk* (1964), 245 Ind. 93, 195 N.E.2d 476.

Accordingly, we must determine whether the State's last petition to revoke was filed during the time the probationary period was in effect.

Alley was placed on probation and assigned to a drug rehabilitation unit on October 21, 1974. On December 4, 1974, the State filed a petition to revoke Alley's probation and for a warrant, alleging that Alley had not completed a program of treatment which was a condition of probation. Alley did not appear on this warrant until May, 1978, and on June 18, 1979, the court determined that Alley had violated the terms of his probation. Instead of revoking probation, the court extended Alley's probation for another five-year term.

On March 23, 1981, the State filed its second petition to revoke, alleging that Alley had failed to maintain his current place of residence, pay court costs and report regularly to the probation office. The State also sought a warrant for Alley's arrest on this date. Alley did not appear on this warrant until April 10, 1987. He obtained a continuance of the revocation hearing on May 14, 1987 to August 3, 1987. On April 25, 1988, the State appeared for the scheduled hearing, but Alley failed to appear. After Alley appeared within the jurisdiction in March, 1989, the court set a hearing date, and on April 24, 1989, after taking evidence, the court revoked Alley's probation and ordered Alley to serve the previously suspended sentence.

From October 21, 1974 until December 4, 1974, Alley served 44 days' probation. From the day of the final disposition on the State's first petition, June 18, 1979, until the second petition to revoke on March 23, 1981 elapsed approximately one year, nine months and five days. The period of probation was tolled from March 23, 1981 until the final determination on April 24, 1989. The two periods which we count as Alley's probation period totalled approximately 684 days, or a little under two years. Alley had more than three years left to serve probation on April 24, 1989 when the trial court revoked his probation. Therefore, the State's 1981 petition to revoke was

timely, and the court did not err in revoking Alley's probation.

Alley asserts that even if his probation was tolled due to the State's petitions to revoke, the State should have been foreclosed from pursuing the revocation action because the State waived its right "to invoke the court's jurisdiction over him" past the date the State declined to extradite him from Austin, Texas. He cites *Greengrass v. State* (1989), Ind., 542 N.E.2d 995, in which our supreme court, pursuant to Ind. Crim. Rule 4(C), refused to charge Greengrass with the delay in the start of his *trial* when the State chose not to extradite him from another jurisdiction. Alley claims *Greengrass* is analogous to his case and should control here, so that the period after which the State refused to extradite him from Texas would not be part of the period tolled by the State's petition to revoke and warrant filed on March 23, 1981.

We do not believe *Greengrass* should apply in a case not involving a motion to discharge under Crim.R. 4(C). The State has an affirmative duty to try a defendant within one year. *Schuck v. State* (1986), Ind.App., 412 N.E.2d 838, 848. In holding that defendant could not be charged with a delay effected by the State's choosing not to extradite, the court imposed on the State a duty ancillary to the State's affirmative duty to try a defendant within one year. There is no law supporting any duty on the State to see that petitions to revoke are disposed of timely. Hence, we will not credit Alley with any time that he was in Texas in violation of his probation. The court's order revoking Alley's probation is affirmed.

Judgment affirmed.

BAKER and GARRARD, JJ., concur.