**Alvin Glenn PHILLIPS, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 71A03–9211–CR–359.**

Court of Appeals of Indiana,
Third District.

March 31, 1993.

Kenneth M. Hays, South Bend, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Alvin Glenn Phillips appeals from the revocation of his probation following his convictions for possession of cocaine, a Class D felony, and possession of marijuana, a Class A misdemeanor. Phillips' sole claim on appeal is that the trial court erred in revoking his probation.

On November 17, 1989, the State filed a two-count ·information charging Phillips with possession of cocaine and marijuana. Subsequently, a plea agreement (Agreement) was entered into between the State and Phillips. Phillips agreed to plead guilty, and the State agreed to recommend that the entire sentence be suspended with probation. On July 20, 1990, the court held a hearing and unconditionally accepted the Agreement. Pursuant to the Agreement, the court suspended Phillips' three-year sentence on Count I and his one-year sentence on Count II, which were to run concurrently, and Phillips was placed on one and one-half years' probation. Several conditions and terms of probation were ordered by the court. Phillips acknowledged that violation of these terms could result in revocation of his probation.

A petition to revoke Phillips' probation was filed on April 10, 1991. On April 25, 1991, the court held a hearing, at which Phillips appeared. At the hearing, Phillips was furnished with a copy of the petition to revoke probation. The final hearing on the petition was held on May 22, 1991. At the final hearing, Phillips admitted violating the conditions of his probation, and although his probation was continued, he was ordered to serve four days in jail. Additionally, he was admonished that another violation would result in the revocation of his probation.

On July 2, 1991, Phillips was charged with battery. In addition, on September 25, 1991, Phillips failed to appear for a scheduled meeting with his probation officer. As a result of these violations of his

probation, a second petition to revoke was filed on February 7, 1992. On March 20, 1992, Phillips filed a motion to dismiss alleging that the petition to revoke his probation was untimely. After a hearing on Phillips' motion, the trial court found that the filing of the earlier petition tolled the period of probation and that the filing of the second petition was therefore timely. Thereafter, Phillips was found to have violated the terms of his probation. The trial court revoked his probation and reinstated the original sentence. Phillips now appeals this revocation.

Specifically, Phillips argues that there was insufficient proof that his probationary period was ever tolled. He contends that his probationary period expired on January 20, 1992, and, therefore, the second petition to revoke probation, which was not filed until February 7, 1992, was filed eighteen days after his probation had expired.

IND.CODE § 35–38–2–3(c) (1992 Supp.)[1] provides that "[t]he issuance of a summons or warrant tolls the period of probation until the final determination of the charge." Phillips' contention that his probationary period was never tolled by the first petition to revoke his probation since neither a summons nor warrant was issued, is mistaken. IND.CODE § 35–33–4–1(a) (1988 Ed.) sets forth the criteria a summons is required to meet: "[t]he summons must set forth substantially the nature of the offense and command the accused person to appear before the court at a stated time and place."

Here, the document entitled "NOTICE OF HEARING" filed April 10, 1991, is a summons. The document is addressed to Phillips and sets forth the nature of the offense as a petition to revoke probation. The document commands Phillips that he is to appear before Judge Frese, St. Joseph Superior Court at the St. Joseph County Courthouse, on April 25, 1991 at 9:00 a.m. and it is signed by the clerk of the court. The document also warns Phillips that failure to appear at the hearing may result in a bench warrant for his arrest. *Id.* Further evidence that the document was indeed a summons is the return of service, completed by the sheriff's department, at the bottom of the document. *See* IND. CODE § 35–33–4–1(e) (when law enforcement official serves summons, he shall file return of service with the court).

The important question is not the label given to an action but rather its substance. *See English Coal Co. v. Durcholz* (1981), Ind.App., 422 N.E.2d 302, 308, *trans. denied* (character of an action is determined by its substance and not its form or caption). The document entitled "NOTICE OF HEARING" is in substance a summons. Thus, Phillips' probationary period was tolled for forty-two days, from April 10, 1991, the date the summons was issued, until May 22, 1991, the date of the final determination of the charge.

*See* IND.CODE § 35–38–2–3(c);

*Alley v. State* (1990), Ind.App., 556 N.E.2d 15, 16, *trans. denied.*

The trial court correctly determined that Phillips was still on probation when the State filed its second petition to revoke his probation. The revocation of Phillips' probation is affirmed.

Affirmed.

STATON and SHIELDS, JJ., concur.

---

1. Formerly IND.CODE § 35–38–2–3(b).