**Terry SLINKARD, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 47A01–9306–CR–183.**

Court of Appeals of Indiana,
First District.

Dec. 20, 1993.

David B. Harris, Indianapolis, for appellant-defendant.

1. IND.CODE 9–11–2–2 (now IND.CODE 9–30–5–

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

BAKER, Judge.

May a court revoke probation for events occurring after that term of probation has expired? We hold that it may not. Appellant-defendant Terry Slinkard challenges the trial court's revocation of his probation.

## FACTS

On February 6, 1991, Slinkard pled guilty to driving while intoxicated, a Class A misdemeanor.[1] The trial court sentenced him to one year in jail, suspending all but one hundred fifty days. Slinkard was placed on probation for the 215 days of his suspended sentence. His term of probation was expected to expire on February 5, 1992.

On September 18, 1991, the State filed a petition to revoke the suspended sentence for violations occurring on August 22, 1991. The trial court originally scheduled an evidentiary hearing for March 18, 1992. However, on March 17, 1992, the State requested a continuance, which the trial court granted. On March 23, 1992, the State filed an amended petition to revoke Slinkard's suspended sentence, alleging that Slinkard violated the terms of his probation twice on March 19, 1992.

After the regular judge recused himself, a special judge qualified, assumed jurisdiction, and finally held an evidentiary hearing on February 19, 1993. The trial court found Slinkard did not violate his probation on August 22, 1991. However, the trial court found Slinkard did violate his probation on March 19, 1992, by having a drink and refusing to submit to a breathalyzer examination on that day. The trial court revoked Slinkard's probation and ordered him incarcerated for the remainder of his sentence. Slinkard appeals.

## DISCUSSION AND DECISION

Slinkard argues that the acts he committed on March 19, 1992, occurred after his

2 (1992)).

probation expired, and thus there was no probation to revoke. We agree.

■ IND.CODE 35–38–2–3(c) provides that "[t]he issuance of a summons or warrant tolls the period of probation until the final determination of the charge." The purpose of I.C. 35–38–2–3(c) is to grant a trial court power to revoke probation and order a person returned to jail when it determines that such person violated probation, even though the disposition regarding that violation occurs after the original term of probation has expired.

The State argues that "tolling" means that Slinkard's probation continued until disposition of the original petition to revoke his probation. Therefore, the State argues, regardless of the propriety of the allegations of violations and the original term of probation, the State may be able to obtain a probation revocation for any acts which would constitute a probation violation that occur up until the disposition of any outstanding petitions to revoke. In support of its argument, the State cites three cases, *Phillips v. State* (1993), Ind.App., 611 N.E.2d 198, *Hayes v. State* (1992), Ind. App., 590 N.E.2d 1116, *trans. denied,* and *Alley v. State* (1990), Ind.App., 556 N.E.2d 15, *trans. denied.* None applies here.

In *Phillips,* the defendant admitted violating probation during the original term of probation as alleged in the petition to revoke his probation. *Phillips,* at 198. Thus, the time between that petition's filing and its disposition extended Phillip's term of probation. Here, however, the trial court found Slinkard faultless during the original term of his probation.

In *Hayes,* the trial court had, upon motion, extended the defendant's probation in order to allow him to pay a court-ordered debt. It was within this period of court-extended probation, not the "tolled" period of probation, that Hayes violated his probation. *Hayes,* at 1117. Here, the trial court did not order additional probation, and the acts in question occurred after the original probation term expired.

In *Alley,* the defendant left Indiana and failed to appear at a numerous probation revocation hearings. *Alley,* at 15. Here, Slinkard complied with his probation, cooperated in the hearings on the State's petitions, and was not responsible for the delays in the proceedings against him.

■ If the trial court had found that Slinkard had committed a probation violation on August 22, 1991, we would affirm based on *Phillips.* However, where no violations occur during the original period of probation, in the absence of misconduct in the hearing process or absconding from justice, the trial court may not revoke probation for events occurring after the original term of probation. *See White v. State* (1990), Ind., 560 N.E.2d 45, 46. Therefore, the trial court erred when it revoked Slinkard's probation.

Judgment reversed.

ROBERTSON and SHIELDS, JJ., concur.