**Anthony Tyrone MUMFORD, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49A02–9412–CR–755.

Court of Appeals of Indiana.

June 15, 1995.

Transfer Denied July 27, 1995.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

FRIEDLANDER, Judge.

Anthony Tyrone Mumford appeals the revocation of his probation, presenting the following restated issues for review:

I. Was the evidence sufficient to prove that Mumford violated the conditions of probation?

II  Did the trial court err in failing to enter written findings containing the reasons for revoking probation?

We affirm.

The facts favorable to the judgment are that on March 4, 1988, Mumford was convicted of burglary and theft and received concurrent sentences of six years and two years, respectively. The court suspended four years and ordered that Mumford be placed on probation for two years upon release from prison. After a period of incarceration, Mumford was placed on probation on February 10, 1989.

On April 20, 1989, Mumford was arrested for operating a motor vehicle while intoxicated. Pursuant to a May 3, 1989 notice of probation violation, a hearing was held on May 24, 1989 concerning the April 20 arrest. Mumford failed to appear and was subsequently arrested. Pursuant to Mumford's request, the court conducted another hearing on the probation violation charge on July 12, 1989. Following the hearing, it was determined that Mumford should be released pending disposition of the drunk driving charge. During the next several weeks, Mumford failed to contact his probation officer. On August 8, 1989, an amended notice of probation violation was filed alleging multiple grounds, including the April 20 arrest

and failure to contact his probation officer after July 18, 1989. A violation of probation hearing was set for September 11, but Mumford did not appear. Mumford's probation officer later testified that after a July 18, 1989 phone call, she had no contact with Mumford until his arrest in September, 1993, and during that time did not know his whereabouts or home address.

On September 23, 1993, Mumford was arrested on charges of murder and carrying a handgun without a license. On September 29, 1993, an "addendum" notice of probation violation was filed, citing as grounds the charges underlying Mumford's September 23 arrest. A September 29, 1993 probation revocation hearing was continued indefinitely pending disposition of the murder and handgun charges. On September 12, 1994, the State requested a probation violation hearing following Mumford's plea of guilty to aggravated battery, which disposed of the charges for which Mumford was arrested on September 23, 1993. Following a September 14, 1994 hearing, the court revoked probation and ordered that Mumford serve the remainder of the six-year sentence.

## I.

Mumford contends that the September 23, 1993 notice of probation violation was filed after the two-year probationary period ended. Citing *Slinkard v. State* (1993), Ind. App., 625 N.E.2d 1282, Mumford argues that revocation was improper because a trial court may not revoke probation for events occurring after expiration of the original term of probation.

■ Ind.Code 35–38–2–3(c) states, "The issuance of a summons or warrant tolls the period of probation until the final determination of the charge." The *Slinkard* court clarified when the tolling period runs. The court noted that if the defendant violates probation during the original term of probation, the probation period is tolled from the time of the filing of the revocation petition until its disposition, citing *Phillips v. State* (1993), Ind.App., 611 N.E.2d 198. The court held, however, that *Phillips* was not applicable in Slinkard's case because Slinkard did not violate conditions during the original

term of his probation, thus the period was not tolled.

■ Mumford, like Slinkard, did not admit violating probation during the original two-year term. Moreover, the court specifically found that Mumford did not violate probation as alleged in counts 1 through 4 of the notice of probation violation. Counts 1 through 4 were the only ones alleged to have occurred during the original two-year probationary period. It would therefore seem that *Phillips* is inapplicable in the instant case, as it was in *Slinkard,* for want of evidence that Mumford violated conditions of probation during the original term. However, the *Slinkard* court's ruling that *Phillips* was inapplicable in that case and the period was not tolled was based at least partly upon the fact that Slinkard was *"faultless* during the original term of his probation." 625 N.E.2d at 1284 (emphasis supplied). The record reflects that Mumford was not entirely faultless during the original term of his probation.

A warrant was issued for Mumford's arrest on August 8, 1989 based upon the charge of driving while intoxicated and the fact that Mumford did not maintain contact with the probation department. The disposition of the drunk driving charge is not apparent in the record. However, the record indicates that the August 8, 1989 arrest warrant was not served on Mumford until he was arrested on murder and handgun violation charges on September 23, 1993. Coupled with the probation officer's testimony that from July, 1989 until September 23, 1993, Mumford's whereabouts were unknown and he was not in contact with the probation department,[1] this comprises sufficient competent evidence to support a conclusion that Mumford was a fugitive from July of 1989 until September of 1993.

■ It may be argued that Mumford was not a fugitive, based upon the trial court's finding that Mumford was not in violation of count 4, which stated, "The defendant is considered to be a fugitive." *Record* at 14. However, the notice of probation violation containing that allegation was filed on August 8, 1989 and alleged only that Mumford was then a fugitive because he failed to report to his probation officer as directed, presumably referring to his failure to call after July 18, 1989. Therefore, count 4 related only to the period from July 18, 1989 to August 8, 1989. At the September 14, 1994 hearing, Mumford explained that he attempted several times to contact his probation officer in late July of 1989. The trial court's finding that Mumford did not violate probation as alleged in count 4 merely reflects its conclusion that Mumford's failure to contact the probation officer between July 18 and August 8 of 1989 did not constitute a violation of probation. There is no similar finding with regard to Mumford's absence from August 8, 1989 to September 23, 1993.

IC 35–38–2–3(c) "precludes a probationer from violating the terms of his probation and fleeing the jurisdiction until the term of the suspended sentence elapses, thereby thwarting the State's efforts to revoke his probation." *Alley v. State* (1990), Ind.App., 556 N.E.2d 15, 16, *trans. denied.* Mumford's disappearance and resultant failure to maintain contact with the probation department was responsible for the delays in the proceedings against him. Therefore, the probation period was tolled after the filing of the August 8, 1989 notice of probation violation due to Mumford's failure to maintain contact with the probation department. *See id.* Mumford was on probation from February 10, 1989 until he was arrested and jailed on April 20, 1989, for a total of 69 days. Mumford was released from jail on July 12, 1989, pending disposition of the drunk driving charge. A warrant was issued for Mumford's arrest on August 8; therefore, the second probationary period spanned 27 days.

---

1. Mumford's probation officer testified at the September 14, 1994 hearing that, during the summer of 1989, Mumford was to report to her, complete counseling, and provide her with his address. According to the probation officer,

"[Mumford] did call several times on July 13[, 1989], and I was unavailable. I did try to contact him back and had left—I left a message with his father at that time for him to report July 18. He contacted me on July 18 and left a message that he couldn't make—he called I believe at 4:15 saying he couldn't make his 4 o'clock appointment, but that he would be in on the next morning. He never reported again after that." *Record* at 45.

As a result of Mumford's misconduct, i.e., disappearance, the period of probation was tolled from August 8, 1989 until the final determination on the petition to revoke on September 14, 1994. At that time, Mumford had spent only 91 days on probation, and therefore had approximately one year and nine months left to serve probation on September 14, 1994 when the trial court revoked his probation. Accordingly, the State's August 8, 1989 amended petition to revoke, including the September 28, 1993 addendum and the grounds cited therein, was timely. *Slinkard, supra; Alley, supra.*

## II.

■ Mumford claims that the trial court erred in failing to enter written findings containing the reasons for revoking probation.

In *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, the Supreme Court determined that due process in the probation revocation context requires, among other things, a written statement by the factfinder containing the evidence relied on and reasons for revoking probation. The *Morrissey* requirement was recognized in Indiana in *Jaynes v. State* (1982), Ind.App., 434 N.E.2d 923. This court has since held that the *Morrissey* requirement is met where, in the probationer's presence, the trial court orally makes findings of fact, revokes probation, states the reasons for revocation, and the statement from the bench is later reduced to writing in the transcript of the hearing. *Clark v. State* (1991), Ind.App., 580 N.E.2d 708.

At the conclusion of the September 14, 1994 probation revocation hearing, the court stated:

"Show the Court having considered the evidence and the State's exhibit having been entered does find that as to allegation number 5, the Defendant did violate the conditions of his probation. We'll show no violation as to 1 through 4. Show the Court having taken everything into consideration does find that the Defendant has violated conditions of his probation by reason of a conviction. Show that the original probation should be revoked. The original sentence of 6 years would be imposed." *Record* at 52.

The court's oral statement was reduced to writing in the transcript of the hearing, which satisfies the *Morrissey* writing requirement. *Clark, supra.* The finding that Mumford had been convicted of a crime while on probation was contained in the court's oral statement. The court then revoked probation, stating that revocation was based upon the new conviction. The written transcript reflects compliance with the *Morrissey* requirements regarding the content of the statement accompanying revocation of probation.

■ We address finally the contention that the evidence was insufficient to support the court's findings. When reviewing the sufficiency of the evidence in this context, we neither reweigh evidence nor judge witness credibility, but examine only the evidence most favorable to the judgment. *Menifee v. State* (1992), Ind.App., 600 N.E.2d 967, *rehearing denied and opinion clarified,* (1993), Ind.App., 605 N.E.2d 1207. That a defendant refrain from committing another crime while on probation is automatically a condition of probation by operation of law, regardless of whether a defendant is so advised at the time he is placed on probation. *Id.;* Ind.Code 35–38–2–1(b).

The record contains a certified copy of the abstract of judgment reflecting the aggravated battery conviction. The abstract of judgment supplied sufficient competent proof to support the court's finding that Mumford was convicted of a crime while on probation. This finding, in turn, was sufficient to support both the conclusion that Mumford violated the conditions of his probation and the determination that probation should be revoked.

Judgment affirmed.

HOFFMAN, J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting

The purpose of I.C. 35–38–2–3(c) is to permit a trial court to revoke probation for a violation which takes place during the period of probation but for which disposition is not or cannot be made within the probation peri-

od. *Perry v. State* (1994) 3d Dist.Ind.App., 642 N.E.2d 536; *Slinkard v. State* (1993) 1st Dist.Ind.App., 625 N.E.2d 1282; *Phillips v. State* (1993) 3d Dist.Ind.App., 611 N.E.2d 198. Were it not for this "tolling" statute, an egregious violation taking place upon the final day of one's probation could not result in revocation because timely and effective notice and hearing could not take place. The cases cited indicate that this is the sole purpose of the statute.[1]

I am unable to view the legislative intent of the statute or case precedent to contemplate revocation for a "violation" which takes place after the period of probation even though a prior unmeritorious allegation of a probation violation has been made. The "tolling" effect of the filing of a notice of violation has relevance only to that particular alleged violation.

Here, the trial court specifically found that no violations occurred with regard to allegations of conduct prior to the September 23, 1993 arrest. Those alleged violations, therefore, were not the basis of the revocation. The period of probation should not be deemed to have been tolled with respect to possible future violations not covered by the allegations which trigger the tolling of the probation period.

The majority holding today permits the State to file an unmeritorious notice of violation and to thereby keep the probationer "on the hook" ad infinitum, or at least until many months later when the violation allegations are determined.

I would reverse and remand with instructions to vacate the judgment of revocation.

---

**1.** The majority decision today seizes upon a statement in *Slinkard, supra,* and places significance upon the fact that in the case before us, Mumford "was not entirely faultless during the original term of his probation." Majority opinion at 1177. My reading of *Slinkard* indicates that the word "faultless" was used there in the sense of conduct which constitutes a violation of the terms of probation—not any conduct which somehow might be questioned or criticized. Here Mumford was determined to have been faultless with respect to the original violation allegations. Those included operating a vehicle while intoxicated (Allegation No. 1 of the Notice of Probation Violation); and not reporting to the probation officer as directed (Allegations Nos. 2 and 3). With respect to Allegation No. 4, that Mumford was a fugitive, the trial court found it to be without merit. Accordingly, the "fault" utilized by the majority in affirming the revocation was specifically found by the trial court to be without legal effect, i.e., not violations of his probation.