Lance Reed DAWSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A05–0011–PC–498.

Court of Appeals of Indiana.

July 18, 2001.

Anthony Lawrence, Anderson, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant Lance Reed Dawson (Dawson) appeals the revocation of his probation. We reverse.

Dawson raises one issue which we state as: whether the trial court erred by revoking Dawson's probation based upon an incident that occurred subsequent to his probationary period.

In 1990, Dawson pleaded guilty to burglary, a Class B felony. He was sentenced to six years, all of which were suspended, and he was placed on three years of proba-tion. In September 1992, his probation officer filed with the court a notice of probation violation alleging that Dawson had failed to comply with recommendations of the mental health center and failed to abstain from illicit drugs in that he had failed a drug test in August 1992. A hearing was set for December 14, 1992 but was continued due to the unavailability of the State's witness. The court subsequently re-set the hearing for January 25, 1993. On January 6, 1993, the hearing was again continued upon the State's motion and was re-set for February 22, 1993. On February 5, 1993, Dawson moved the court to continue the hearing. The court granted Dawson's motion but never re-set the hearing date. Seven years later, on June 12, 2000, the State filed an amended notice of probation violation alleging that Dawson's probationary period had been tolled by the filing of the 1992 notice of probation violation. The amended notice also alleged that Dawson had violated his probation by committing new criminal offenses in November 1998 and in May 2000; by not keeping probation informed of his address; by not complying with treatment recommendations and not providing written verification of compliance; and by not abstaining from the use of illicit drugs as alleged in the 1992 violation notice. Following a hearing on October 23, 2000, the trial court revoked Dawson's probation and sentenced him to six years. It is from this decision that Dawson now appeals.

Dawson contends that the trial court improperly revoked his probation based upon the allegation that he committed a new criminal offense in May 2000. He asserts that his probationary period ended in 1993 and that, therefore, he was not on probation when this new offense occurred.

A probation revocation hearing is in the nature of a civil proceeding, and the

decision to revoke is a matter within the sound discretion of the trial court. *C.S. v. State*, 735 N.E.2d 273, 276 (Ind.Ct.App. 2000), *trans. denied.* The State must prove the alleged violation only by a preponderance of the evidence. *Id;* Ind.Code § 35–38–2–3(e). We will affirm a decision to revoke probation if there is substantial evidence of probative value to support the trial court's conclusion that a probationer has violated any condition of probation. *Id.*

A review of the record in the present case reveals that the court based its revocation upon Dawson's admission to driving after he had been drinking in May 2000. Based upon this Court's decision in *Slinkard v. State*, 625 N.E.2d 1282 (Ind.Ct. App.1993), we find that the trial court improperly revoked Dawson's probation. In *Slinkard*, as in the case at bar, the State filed a petition to revoke probation for violations occurring during the probationary period. The hearing was continued a number of times and was finally held on February 19, 1993, after the probationary period had ended one year earlier on February 5, 1992. In the meantime, the State had filed an amended petition alleging violations on March 19, 1992. The trial court revoked Slinkard's probation based upon the alleged violations occurring on March 19, 1992 and found that Slinkard had not violated his probation during the original probationary period. This Court reversed the revocation of Slinkard's probation stating that a trial court "may not revoke probation for events occurring after the original term of probation." *Id.* at 1284.

In that opinion, we also addressed the tolling issue and cited Ind.Code § 35–38–2–3(c) which provides that "[t]he issuance of a summons or warrant tolls the period of probation until the final determination of the charge." As we explained in *Slinkard*, the purpose of this code section is to grant a trial court power to revoke probation and order a person returned to jail when it determines that such person violated probation, even though the *disposition* regarding that violation occurs after the original term of probation has expired. The Court further discussed that because Slinkard was found not to have violated his original term of probation, the filing of the petition during his original term did not toll, or extend, his probationary term through the date of disposition on the petition.

■ From our reading of *Slinkard*, we glean that had Slinkard been found to have violated his original term of probation, his term would have been extended by the timely filing of the petition, and any acts constituting a violation during this extension could also have been used against him to revoke his probation. *Cf. Mumford v. State*, 651 N.E.2d 1176 (Ind.Ct.App.1995), *trans. denied* (discussing court's use of word "faultless" in regard to Slinkard's conduct during his original probationary term and determining that Mumford was not faultless although court specifically found that he did not violate probation as alleged in counts 1 through 4 of the notice of probation violation where counts 1 through 4 were only counts alleged to have occurred during original two-year probationary period). In summary, the disposition regarding a violation of probation may occur after the term of probation has expired, but the violation must have occurred within the term of probation. However, if a defendant is found to have violated probation during the original term as alleged in the petition, the time between that petition's filing and its disposition extends the term of probation in which the defendant may commit acts which constitute further violations of his or her terms of probation.

■ In the instant case, the trial court improperly revoked Dawson's probation

because it did so based upon a new criminal offense occurring in May 2000, after the expiration of Dawson's term of probation. The court also would have been incorrect had it based its revocation of Dawson's probation on the criminal offenses that occurred in 1998. *See Slinkard, supra.* Moreover, we note that although the trial court made no finding as to the allegations of the original petition filed in September 1992, our review of the record discloses that the State failed to present any evidence of a violation by Dawson based upon these allegations (i.e., a failed drug test and a failure to follow the recommendations of the mental health center). Therefore, pursuant to this court's reasoning in *Slinkard,* Dawson's probationary term was not tolled because there was no violation during the original term of probation as alleged in the original petition upon which to base an extension of the probationary term.

Additionally, only the allegations concerning a drug test and recommendations of the health center were raised in the original petition to revoke filed in September 1992. The allegation concerning Dawson's failure to keep the probation department informed of his address was not included in that original petition but rather was first raised in the amended petition filed in June 2000. However, the State also failed to present any evidence as to this violation.

Based upon the foregoing, we conclude that the trial court improperly revoked Dawson's probation, and we remand for further proceedings consistent with this opinion.

Reversed and remanded.

BAILEY, J., concurs.

DARDEN, J., concurring with opinion.

DARDEN, J., concurring.

Whereas I wholeheartedly agree with the majority's decision in this case, I write to explain that I think we should go further by ordering the immediate release and discharge of the defendant in this cause. It is obvious that the state has presented its strongest case for revocation of probation and has failed. The remote possibility that the defendant could be incarcerated another day longer while the state reviews our ruling on remand, for further proceedings consistent herein, offends my sense of fair play under the facts in this case. There is no evidence that supports further delay by the state for keeping the defendant locked up.

I would order immediate release and discharge in this matter.