

FILED
Nov 13 2015, 9:22 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua T. Trammell,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | November 13, 2015<br><br>Court of Appeals Case No.<br>24A01-1502-CR-51<br><br>Appeal from the Franklin Circuit Court<br><br>The Honorable Clay M. Kellerman, Judge<br><br>Trial Court Cause No.<br>24C02-0907-FD-401 |

**Robb, Judge.**

# Case Summary and Issue

[1]     Joshua Trammell entered into a plea agreement to resolve two pending cases against him, Class D felony resisting law enforcement under Cause Number 24C02-0904-FD-158 ("Cause 158") and Class D felony theft under Cause Number 24C02-0907-FD-401 ("Cause 401"). Trammell was sentenced to two

years with nine months suspended to probation in each case, to be served concurrently. Trammell was ultimately found to have violated his probation in Cause 401 and was ordered to serve five months of his previously suspended sentence. Trammell now appeals, raising the sole issue of whether the trial court abused its discretion in revoking his probation. Concluding there was insufficient proof that Trammell's alleged violation occurred during his probationary period, we reverse.

## Facts and Procedural History

[2] Trammell was charged on April 22, 2009, in Cause 158 with resisting law enforcement, a Class D felony, and on July 31, 2009, in Cause 401 with theft, a Class D felony. On July 12, 2010, the State and Trammell filed a plea agreement with the trial court that would resolve both Cause 158 and Cause 401. The plea agreement stated with respect to Cause 158 that Trammell would plead guilty to Class D felony resisting law enforcement, and the State would recommend a sentence of "2 years in the Indiana Department of Corrections [sic] with 9 months suspended to probation conditioned by terms set by the Court," plus a fine, costs, and fees. Appellant's Appendix at 74. In addition, with respect to Cause 401, Trammell would plead guilty to Class D felony theft, and the State would recommend a sentence of "2 years in the Indiana Department of Corrections [sic] with 9 months suspended to probation conditioned by terms set by the Court, sentence *concurrent* with [Cause 158]," plus a fine, costs, and fees. *Id.* (emphasis in original).

[3] On July 13, 2010, the trial court accepted Trammell's plea of guilty and sentenced him according to the terms of the plea agreement. Trammell subsequently signed the trial court's probation order, acknowledging as conditions of his probation that he "shall report to the Probation Department as directed by [his] Probation Officer[,]" and "shall not have in [his] possession or use any controlled substance (illegal drugs) except as prescribed for [him] by a licensed physician." *Id.* at 80.

[4] At some point not clear from the record,[1] Trammell was released from the Department of Correction ("DOC") and began serving his probation in Franklin County. Trammell's probation officer filed a petition of probation violation on May 2, 2012, in Cause 158 only*,* alleging Trammell had violated his probation by failing to report to the probation department as directed on April 9, 2012; April 27, 2012; and April 30, 2012. *Id.* at 118. A warrant for Trammell was issued in Cause 158 on May 7, 2012, and he was picked up and jailed on the warrant on May 30, 2012. On July 17, 2012, the trial court issued an order on probation revocation in Cause 158, finding Trammell had violated the terms of his probation in Cause 158 and ordering him to serve four months

---

[1] The State filed an appendix containing a document titled "Franklin County Probation Department," which purported to show the dates Trammell was on probation in Cause 401. This document was not filed with the trial court or submitted during the hearing. It bears neither a date indicating when it was prepared, nor a signature indicating who prepared it. Trammell filed a motion to strike this document and any reference to it from the State's brief. This document is not a record of a court of this state of which we can take judicial notice, *see* Ind. Evid. R. 201(b), nor is it part of the Clerk's Record. We may not consider matters outside the record in ruling on an appeal, *Schaefer v. Kumar*, 804 N.E.2d 184, 187 n.3 (Ind. Ct. App. 2004), *trans. denied*, and we have therefore granted Trammell's motion to strike by separate order also issued this date.

of his previously-suspended sentence on Cause 158 in DOC, "to be served consecutive to any other causes." *Id.* at 121. Trammell was given forty-seven days of credit for time confined awaiting sentencing. *Id.* at 122.

[5] Again, at some point not clear from the record, Trammell was released from DOC and resumed serving his probation in Cause 158 and Cause 401. On June 17, 2013, the probation department filed a petition of probation violation in Cause 401, alleging Trammell tested positive for opiates on March 28, 2013, and May 10, 2013, and did not report to the probation department as directed on April 8, 2013; April 10, 2013; and April 16, 2013.

[6] The trial court held a fact-finding hearing on the probation violation in Cause 401 on December 18, 2014. Bruce Campbell, who did not directly supervise Trammell's probation but is Franklin County's chief probation officer, testified that drug screens were administered to Trammell on March 28, 2013, and May 10, 2013, and the results showed opiate consumption. It was Campbell's "understanding" that Trammell was notified he had failed the drug screens and "[f]rom what [he] knew," Trammell then indicated he had prescriptions for the drugs. Transcript at 6. When asked if Trammell ever provided those prescriptions to the probation department, Campbell replied, "[n]ot that I'm aware." *Id.* Campbell also testified that "from [his] understanding," Trammell's probation officer had instructed him to appear at the probation department on April 8, 10, and 16, 2013. *Id.* at 7. When asked if Trammell appeared on those dates, Campbell replied, "[n]ot that I'm aware of." *Id.* Trammell testified and admitted "testing positive for pain medication that I am

prescribed." *Id.* at 12. He also admitted that he reported to the probation department on March 28, 2013, but did not report the following week.

[7] At the close of evidence, the trial court asked Campbell how much time Trammell had left to serve. Campbell replied:

> On the original sentence, Your Honor, he had nine months, in this case that ran concurrent with another case and in the other case there was a revocation where four months was revoked, which would come off of this sentence on this case and he was two and a half months in on that probation, still had two and a half months to serve. So, the maximum penalty on a revocation in this case is five months because four months was already revoked on a concurrent case.

*Id.* at 14. The trial court found the State had met its burden of proving Trammell had violated his probation: "I'm going to revoke the five months and that's not going to be concurrent to anything." *Id.* at 16. Trammell now appeals.

# Discussion and Decision

## I. Standard of Review

[8] A trial court "may revoke a person's probation if . . . the person has violated a condition of probation *during the probationary period*" and the petition is filed during that period or within a certain time thereafter. Ind. Code § 35-38-2-3(a) (emphasis added). The disposition regarding a violation of probation may occur after the probationary period has ended, but the violation must have

occurred within the probationary period. *Dawson v. State*, 751 N.E.2d 812, 814 (Ind. Ct. App. 2001). Revocation is therefore improper when it is based on a violation occurring after the expiration of the term of probation.

[9] Probation revocation is a two-step process. *Hardy v. State*, 975 N.E.2d 833, 835 (Ind. Ct. App. 2012). First, the court must make a factual determination that the State has proven by a preponderance of the evidence that a violation of a condition of probation has occurred. *Id.*; *see also* Ind. Code § 35-38-2-3(f). Second, the trial court must determine if the violation warrants revocation of the probation. *Hardy*, 975 N.E.2d at 835. Upon revoking probation, the trial court may impose one of several sanctions provided by statute. *Id.*; *see also* Ind. Code § 35-38-2-3(h). The decision to revoke probation is within the sound discretion of the trial court and is reviewed only for an abuse of that discretion. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012).

## II.  Revocation of Probation

[10] Trammell contends the trial court abused its discretion in revoking his probation because contrary to the requirements of Indiana Code section 35-38-2-3(a), the alleged violations did not occur during his probationary period.

[11] Trammell was sentenced in Cause 401 and Cause 158 on July 13, 2010, to concurrent terms of two years with nine months suspended to probation. It is not clear from the record exactly when Trammell was released from incarceration and began serving his probation in these two causes. However, on May 2, 2012, Trammell was alleged to have violated his probation in Cause

158 and was jailed as of May 30, 2012. At the revocation hearing in Cause 401, Campbell stated to the trial court that Trammell had served two and one-half months of his probation before his probation was revoked in Cause 158. On July 17, 2012, his probation in Cause 158 was revoked, and he was ordered to serve four months in DOC, with forty-seven days of credit for time confined awaiting sentencing.[2] Campbell also stated to the trial court at the Cause 401 revocation hearing that the four months Trammell was ordered to serve in Cause 158 "would come off of this sentence on this case," leaving just two and one-half months of probation to serve in Cause 401 when he was released. Tr. at 14.

[12] It is also not clear from the record when Trammell was released from this second period of incarceration to resume serving what remained of his probation. But if Trammell served every day of the four months he was ordered to serve on July 17, 2012—accounting for the forty-seven days he served before sentencing—he would have been released back to probation no later than September 30, 2012. Campbell stated to the trial court that Trammell had two

---

[2] Indiana Code section 35-38-2-3(c) provides that "issuance of a summons or warrant tolls the period of probation until the final determination of the charge." The purpose of this section is to allow a trial court to revoke probation and order a person returned to jail when it determines that person violated probation, even if the disposition occurs after the original term of probation has expired. *Slinkard v. State*, 625 N.E.2d 1282, 1284 (Ind. Ct. App. 1993). This section tolled Trammell's probation and extended his probationary period in Cause 158 from the time the warrant was issued on May 7, 2012. However, because no petition to revoke was filed in Cause 401, his probation in Cause 401 was only suspended from the time he was jailed on the warrant, which time was included in his four month sanction. *See Hart v. State*, 889 N.E.2d 1266, 1271 (Ind. Ct. App. 2008) ("Given the rehabilitative purpose of probation, a process which can only be accomplished outside the confines of prison, it is axiomatic that one may not be simultaneously on probation and serving an executed sentence.") (quotation omitted).

and one-half months remaining to serve on probation when his probation was revoked in Cause 158. We need not decide whether Trammell's remaining probationary period in Cause 401 upon his release was the two and one-half months the probation department stated or the five months of his suspended sentence that he had not yet served due to the revocation.[3] Two and one-half months from September 30, 2012 is approximately December 14, 2012; five months from that date is approximately February 28, 2013. The petition of probation revocation alleges Trammell committed his first violation of probation in Cause 401 on March 28, 2013. Therefore, on the face of the record, Trammell's probationary period had ended well before he was alleged to have violated probation.

[13] The State argues Trammell invited any error because he did not assert during the revocation hearing that he was not on probation and admitted to the acts alleged. However, Trammell is under no obligation to point out to the State that it has failed to prove its case. Further, an admission to the conduct is not an admission that he has violated probation by engaging in that conduct. We decline the State's invitation to resolve this case on the basis of waiver.

---

[3] That Campbell stated that Trammell had two and one-half months left to serve and also stated that his maximum penalty was five months is not necessarily inconsistent. The length of time remaining in a probationary period does not reduce the amount of time a probationer could be ordered to serve if found to have violated probation during that period. Indiana Code section 35-38-2-3(h)(3) provides that if the trial court finds a person has violated a condition of probation "at any time before termination of the period," the trial court can "[o]rder execution of all or part of the sentence that was suspended at the time of the initial sentencing." Thus, a person can violate probation on the last day of the probationary term and be ordered to serve the entirety of his previously suspended sentence, not just the time remaining in the probationary period.

It may very well be that, due to other factors not apparent from the face of the record, Trammell had not in fact completed his probation by March 28, 2013.[4] But there is not sufficient evidence in the record to support any other conclusion. The standard of proof for revoking probation may be lower, but there still must be evidence from which the trial court can determine that an alleged violation occurred within the probationary period. Such evidence is lacking here, and we are compelled to conclude the trial court abused its discretion in revoking Trammell's probation.

# Conclusion

The State did not prove by a preponderance of the evidence that Trammell's alleged probation violation occurred during his probationary period in Cause 401. The trial court therefore abused its discretion in revoking his probation, and we reverse the trial court's judgment.

---

[4] For instance, when sentencing Trammell for his probation violation in Cause 158, the trial court stated the four months was to be "consecutive to any other causes." Appellant's App. at 121. However, the record does not indicate that there were any other causes, let alone what the sentences in those causes might have been and how that would have impacted this case. Cause 401 cannot be one of these "other causes," as the sentences in Cause 158 and Cause 401 were concurrent, a fact which Campbell acknowledged at the Cause 401 revocation hearing. The trial court could not make a change to the original sentencing order in a probation revocation hearing because the action taken by a trial court in such a proceeding is not a sentencing, but a determination of "the extent to which the court's conditional suspension of the original sentence should be modified . . . ." *Jones v. State*, 885 N.E.2d 1286, 1289 (Ind. 2008). Moreover, "a defendant who enters into a plea agreement is entitled to the benefits of that bargain, even in a later probation revocation proceeding." *Puckett v. State*, 956 N.E.2d 1182, 1187 (Ind. Ct. App. 2011). Therefore, the trial court could not change the concurrent terms of the original sentences in Cause 158 and Cause 401 when revoking probation in Cause 158.

Reversed.

Vaidik, C.J., and Pyle, J., concur.