## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 28 2017, 8:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill. Jr.
Attorney General of Indiana

Jodi Katheryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Plaintiff,*

v.

Thomas Dale Mozee,

*Appellee-Defendant.*

April 28, 2017

Court of Appeals Case No.
10A04-1610-CR-2336

Appeal from the
Clark Circuit Court

The Honorable David Mosley,
Judge Pro Tempore

Trial Court Cause No.
10C02-0608-CM-253

**Kirsch, Judge.**

[1]     The State of Indiana appeals the dismissal of its petition to revoke probation against Thomas Dale Mozee.

We reverse and remand.

## Facts and Procedural History

The State charged Mozee with invasion of privacy, a Class A misdemeanor on August 22, 2006. Mozee entered into a plea agreement, and pursuant to that agreement the trial court sentenced him to one year, with seven and one-half months executed and four and one-half months suspended to "strict" terms of probation. *App.* at 3, 27-32, 34. On December 1, 2006, Mozee was released to probation with credit for time served.

Mozee failed to attend probation appointments on December 5, 2006, January 19, 2007, and January 29, 2007, and he failed to report to his probation officer. The State filed a petition to revoke probation on March 19, 2007, and a warrant was issued for his arrest. Nearly ten years later, on August 10, 2016, the warrant was served, and Mozee was arrested. On September 16, 2016, the trial court cited the length of time between the violation and the arrest and dismissed the revocation proceeding over the State's objection. The State now appeals.

## Discussion and Decision

Mozee did not file an appellee's brief. In such cases, we will not develop an argument for the appellee, and we apply a less stringent standard of review. *Wharton v. State*, 42 N.E.3d 539, 541 (Ind. Ct. App. 2015). We may reverse if the appellant establishes prima facie error, which is error at first sight, on first appearance, or on the face of it. *Id.* The appellee's failure to provide

argument does not relieve us of our obligation to correctly apply the law to the facts in the record to determine whether reversal is required. *Id*.

[6] Indiana Code section 35-38-2-3(c), provides that "[t]he issuance of a summons or warrant tolls the period of probation until the final determination of the charge." The purpose of subsection (c) is "to allow a trial court to revoke probation and order a person returned to jail when it determines that person violated probation, even if the disposition occurs after the original term of probation has expired." *Trammell v. State*, 45 N.E.3d 1212, 1216 n.2 (Ind. Ct. App. 2015). This statutory provision "precludes a probationer from violating the terms of his probation and fleeing the jurisdiction until the term of the suspended sentence elapses, thereby thwarting the State's efforts to revoke his probation." *Mumford v. State*, 651 N.E.2d 1176, 1178 (Ind. Ct. App. 1995) (citing *Alley v. State*, 556 N.E.2d 15, 16 (Ind. Ct. App. 1990), *trans. denied*).

[7] Here, the issuance of the warrant tolled the period of probation until resolution of the revocation proceeding. Mozee failed to report for his probation or to maintain any contact with the probation department. His failure tolled the period of probation from the date of issuance of the warrant until "the final determination on the petition to revoke. . ." *Id*. at 1179. The trial court erred in dismissing the probation revocation proceeding prior to is resolution.

[8] Reversed and remanded.

[9] Robb, J., and Barnes, J., concur.