## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 23 2015, 9:53 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Libby Yin Goodknight
C. Daniel Motsinger
Krieg DeVault LLP
Indianapolis, Indiana

John David Cross
Mercer Belanger, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

David W. Westland
Westland Kramer & Bennett, P.C.
Schererville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

One West Bank, FSB,

*Appellant-Plaintiff,*

v.

Jason Jarvis, Natalie Jarvis, Mortgage Electronic Registration Systems, INC. As Nominee for American Mortgage Network, INC., GE Money Bank, and Saddle Creek Estates Homeowners Association, INC.

*Appellee-Defendants*

June 23, 2015

Court of Appeals Case No.
45A03-1501-MF-1

Appeal from the Lake Superior Court
The Honorable Calvin D. Hawkins, Judge
Cause No. 45D02-1107-MF-222

**Bailey, Judge.**

# Case Summary

OneWest Bank, FSB ("OneWest") was twice found in contempt of court for its failure to comply with court orders arising from foreclosure proceedings against homeowners Jason and Natalie Jarvis ("the Jarvises"). OneWest was sanctioned and appealed. This Court reversed the appealed order and remanded the matter to the trial court with instructions. The trial court issued a revised order for sanctions following remand; from this order, OneWest appeals. We affirm.

# Issues

OneWest presents two issues for review:

> I. Whether the trial court's authority on remand was limited to excision of preclusion language found in the contempt order appealed; and
>
> II. Whether the award of $100,000.00 as a sanction is improper.

# Facts and Procedural History

OneWest has not challenged the determination that it was in contempt of court. Rather, OneWest has challenged the sanctions imposed. The salient facts were recited in the prior appeal:

> In 2007, Jason and Natalie Jarvis executed a promissory note and mortgage to purchase property in Dyer. OneWest acquired the mortgage in 2009, and the Jarvises failed to make payments on the note. In 2010, the Jarvises accepted a loan modification agreement offered by OneWest, but the modification was not finalized. In 2011,

OneWest filed a complaint on the note and to foreclose on the mortgage. Apparently, because of OneWest's errors, it did not perform pursuant to the loan modification agreement, and the Jarvises moved to enforce the agreement. On November 17, 2011, the trial court ordered OneWest to allow the Jarvises to make payments pursuant to the terms of the loan modification agreement and extended the repayment time accordingly.

In January 2013, OneWest filed a motion to dismiss its complaint without prejudice because the loan modification had been completed, and the trial court granted the motion to dismiss. The Jarvises responded to the motion to dismiss and asserted that the loan modification had not been completed because of OneWest's continued refusal to do so. The Jarvises requested that OneWest be held in contempt for its refusal to comply with the November 2011 order. On March 2013 [sic], the trial court found OneWest in contempt and ordered OneWest to remove all interest, fees, attorney fees, and costs imposed on the Jarvises' account since the 2011 order and to take all necessary steps to remove any negative credit references on the Jarvises' credit report. The trial court also awarded the Jarvises attorney fees and ordered them to make the January, February, March, and April mortgage payments by April 1, 2013.

On June 10, 2013, the loan modification was executed. On June 11, 2013, the Jarvises filed a second motion for contempt citation. The Jarvises alleged that, since the trial court's March 2013 order, OneWest had attempted to collect allegedly outstanding balances, had attempted to change their monthly payments, and had sent real estate agents to their home encouraging them to sell the residence. The Jarvises attached letters sent by OneWest to their motion. OneWest responded by asserting that it had paid the court ordered attorney fees, it was in compliance with the March 2013 order, and the letters were "unknowingly and unintentionally sent to the Defendants in error pending the finalization of the loan modification" through its automated system. App. p. 91.

An evidentiary hearing was held at which Jason testified about OneWest's actions, including OneWest's failure to clear their credit report. At the conclusion of the hearing, the trial court stated it was "stunned" by OneWest's conduct and described OneWest as having "systematically ... thumbed its nose at the Court." Tr. Pp. 39, 37. The trial court issued an order finding OneWest in contempt of the

November 2011 and March 2013 orders. The trial court dismissed OneWest's complaint with prejudice and ordered that OneWest and any successor in interest "is precluded from further attempting to pursue its legal and/or equitable claims on the real estate … and on the Note and Mortgage attached to plaintiff's Complaint," App. p. 105. The trial court also awarded the Jarvises attorney fees and $500 for their preparation and attendance at the hearing.

*OneWest Bank, FSB v. Jarvis*, 14 N.E.3d 135, slip op. at 1 (Ind. Ct. App. June 20, 2014).

[4] On appeal, OneWest contended that the trial court abused its discretion by precluding OneWest from attempting to enforce the note and/or mortgage based upon a future default by the Jarvises, and a panel of this Court agreed. *Id.* at 3. The sanctions order was reversed and remanded with instructions to remove the challenged language.

[5] On November 18, 2014, the Jarvises filed their Motion to Recalculate Sanctions. On December 17, 2014, the trial court conducted a hearing at which argument of counsel was heard. On December 23, 2014, the trial court entered an order removing language from its prior contempt order and imposing a monetary sanction of $100,000.00 upon OneWest. OneWest now appeals.

# Discussion and Decision

[6] .

## Compliance with Remand Order

[7] OneWest asserts that the trial court exceeded its authority on remand. According to OneWest, the prior appeal concerned only the preclusive language, the order for remand concerned only the preclusive language, and the trial court lacked authority to revise the sanction imposed to include a monetary award.

[8] "[A] trial court judge is duty-bound to carry out the orders of a reviewing appellate tribunal." *In re Newman*, 858 N.E.2d 632, 635 (Ind. 2006). Therefore, an action taken upon remand must conform to the opinion and order promulgated by the appellate court. *Muncy v. Harlan Bakeries, Inc.*, 930 N.E.2d 591, 600 (Ind. Ct. App. 2010).

[9] In the prior appeal, the panel articulated the issue before the Court as "whether the trial court properly sanctioned OneWest for its contempt." *OneWest Bank, FSB*, slip op. at 1. The Court disposed of the argument upon that issue as follows:

> We cannot agree that precluding OneWest or its successors from pursuing future legal claims on the property is effectively a monetary judgment in the amount of the Jarvises' debt because the note and mortgage are still outstanding and will remain a cloud on the title to the property. Had the trial court intended to impose a monetary judgment in the amount of the debt, the trial court should have specifically ordered such.
>
> Moreover, we cannot agree with the Jarvises that damages equivalent to the unpaid balance of loan, which the loan modification agreement indicated was $311,243.81 as of April 2, 2013, were appropriate. OneWest's actions of failing to clear the Jarvises' credit report, sending

real estate agents to their house to convince them to sell, and incorrectly notifying them that they were in default certainly warranted the contempt finding. The trial court was understandably angry, as are we. As frustrated, inconvenienced, and embarrassed as the Jarvises were by OneWest's actions, there is no evidence that more than $300,000 in monetary damages was warranted. As such, we must conclude that the trial court abused its discretion by precluding OneWest from attempting to enforce the note and/or mortgage based upon a future default by the Jarvises.

The trial court abused its discretion by prohibiting OneWest from attempting to enforce the note and/or mortgage in the future. *We reverse and remand with instructions* to remove that language from the September 2013 order.

*Id.* at 3 (emphasis added.)

[10] As previously observed, OneWest did not contest the contempt determination. The order appealed, and the matter before this Court for review, concerned the nature and extent of sanctions. OneWest persuaded this Court of the impropriety of particular language prohibiting OneWest from legal redress for a future default. This Court reversed the sanctions order and more particularly instructed the trial court to excise the preclusive language. The sanctions order having been reversed, this Court did not otherwise dictate the content of an order for sanctions upon remand.

[11] A trial court's judgment that has been reversed is a nullity, and a reversal returns the parties to the position they occupied prior to the judgment. *Tioga Pines Living Center, Inc. v. Ind. Family & Social Serv.*, 760 N.E.2d 1080, 1088 (Ind. Ct. App. 2001). Here, the trial court's action after reversal and remand was in conformance with the opinion of this Court; the trial court did not exceed its authority.

## *Monetary Sanction*

[12]     The imposition of sanctions to compensate a party for injuries incurred as a result of contempt of court is within the trial court's discretion. *Witt v. Jay Petroleum, Inc.*, 964 N.E.2d 198, 204 (Ind. 2012). Because the presumption favors the trial court, we review an award of damages for an abuse of discretion and will reverse only when there is no evidence to support the award. *Id.* A trial court may take into account the inconvenience and frustration suffered by the aggrieved party in determining the amount of damages. *Id.*

[13]     OneWest contends that the trial court abused its discretion by awarding damages based only upon conjecture and speculation. We disagree. The trial court was presented with testimony and documentary evidence regarding repetitive instances of contemptuous behavior on the part of OneWest. Despite court orders for loan modification compliance and consumer credit report correction, OneWest failed to correct inaccuracies in its own records or those of consumer reporting agencies. In its aggressive campaign to collect claimed delinquencies, OneWest dispatched real estate agents to the Jarvis residence to encourage a short sale. As the trial court recognized, such conduct risks adverse consequences upon the physical or mental health of debtors. There is ample evidence from which the trial court could have inferred that the Jarvises were subjected to compensable inconvenience and frustration.

## Conclusion

[14]     The trial court did not exceed its authority upon remand.  The award of $100,000.00 as sanctions is within the discretion of the trial court.

[15]     Affirmed.


Riley, J., and Barnes, J., concur.