**Richard GREENGRASS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–8709–CR–830.**

Supreme Court of Indiana.

Aug. 31, 1989.

Howard Howe, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for State.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of the crime of Robbery, a Class A felony, for which he received a sentence of twenty (20) years.

Appellant has been tried twice on charges arising from the facts in this case. The first trial resulted in a hung jury. The second trial resulted in an acquittal on the charge of attempted murder and a guilty verdict on the robbery charge. This appeal is from that conviction.

Appellant was a resident of the state of New Jersey and was in Indianapolis on September 27, 1980 attending the Elton John concert. On that day, he came in contact with Jack Boswell and Lisa Starodub and engaged in drinking and taking drugs with them. The party ended with appellant robbing Boswell and Starodub and shooting Boswell in the face and neck.

The information charging appellant was filed October 7, 1980. He was arrested on that charge in Mineola, New York on November 27, 1980. However, the State of Indiana refused to complete extradition proceedings at that time. Appellant was rearrested in the state of New Jersey in August of 1986 and extradited to Indiana at that time to face the charges in this case.

Appellant claims the trial court erred in denying his motion to dismiss on the ground that more than one year had expired since his arrest on the instant charge in November of 1980. Indiana Rules of Criminal Procedure, Rule 4(C) reads as follows:

"No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged."

In the case at bar, appellant was charged on October 7, 1980 and first was arrested on that charge on November 6, 1980. The fact that the State chose not to extradite appellant at that time effected a delay in his trial with which he cannot be charged. The overruling of appellant's motion to dismiss was a violation of Ind.R.Cr.Pr. 4(C). The trial court erred in not sustaining appellant's motion to dismiss.

This cause is remanded to the trial court with instructions to set aside appellant's conviction and order him discharged from custody.

PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion in which SHEPARD, C.J., concurs.

DeBRULER, Justice, dissenting.

Appellant claims that the State was barred under Criminal Rule 4(C) from trying him. That rule reads that the one year for bringing the defendant to trial runs "from the date the criminal charge against such defendant is filed, or from the date of his arrest on such *charge*" (emphasis added). Appellant claims that his arrest in New York on November 27, 1980, pursuant to an extradition warrant issued at the instigation of Indiana authorities by a New York court or the Governor of that State, activated the one-year period of Rule 4(C). In my opinion, the purpose of that arrest was to permit the executive authority of New York to work its will and was not an "arrest on such charge" within the meaning of that phrase in Rule 4(C). It was not the intent of this Court in adopting this rule and erecting this one-year time restriction to include that time used in the extradition process or that expiring prior to an actual arrest on Indiana charges.

The one-year period under our rule did not commence until the year 1986 when appellant was extradited and arrested on the Indiana charge. I find no merit to appellant's claim that his robbery conviction is unsupported by sufficient evidence or should be set aside because of the contradictory nature of the verdict of guilty of robbery and his acquittal by verdict on the attempted murder charge. There is no necessary and irrational inconsistency in the two verdicts. The jury would have been within its prerogative in acquitting, not because of appellant's claim of self-defense, but because it was not persuaded that he had the criminal state of mind required for murder.

SHEPARD, C.J., concurs.