**Troy BLASKO, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 71A03–0911–CR–530.**

Court of Appeals of Indiana.

Feb. 3, 2010.

Transfer Denied April 1, 2010.

Brian J. May, South Bend, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Marjorie Lawyer–Smith, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-defendant Troy Blasko appeals his conviction for Sexual Misconduct with a Minor,[1] a class B felony. Specifically, Blasko argues that his conviction must be vacated because he was not brought to trial within one year after his arrest for the offense. As a result, Blasko claims that he should have been discharged pursuant to Indiana Criminal Rule 4(C). Concluding that the trial court properly denied Blasko's motion to dismiss, we affirm.

### FACTS

On October 10, 2003, the State charged Blasko with the above offense, alleging that he had sexual intercourse with a fourteen-year-old girl. Blasko was arrested in Florida on October 28, 2003, pursuant to an arrest warrant. A Florida court judge entered an order stating that Blasko had to be transported to Indiana by November 17, 2003. Although the State commenced extradition proceedings, Blasko was not able to be transported to Indiana by November 17 because of a medical condition that impeded his ability to travel. As a result, the Florida court judge entered an order releasing Blasko on his own recognizance.

It was not until 2005 that Blasko was rearrested in Florida on the same charge and returned to Indiana. On June 17, 2005, Blasko appeared before the trial court and requested the appointment of a public defender. A trial date was set for February 21, 2006. Although Blasko apparently did not object to that date, he filed a motion to dismiss the charge on December 13, 2005, claiming that he had not been prosecuted within one year of his original arrest in 2003.

Following a hearing, the trial court denied Blasko's motion to dismiss on February 15, 2006. Thereafter, a trial date was set for April 30, 2006.[2] After several continuances and delays, Blasko filed a motion to reconsider the denial of his motion to dismiss. The trial court denied Blasko's motion and a jury trial commenced on May 18, 2009. Blasko was found guilty as charged and sentenced to eighteen years of incarceration. He now appeals.

### DISCUSSION AND DECISION

Blasko argues that the trial court erred in denying his motion to dismiss because the two-year period between his initial arrest in 2003 and his subsequent arrest and extradition in 2005 was chargeable to the State. Therefore, Blasko contends that the provisions of Indiana Criminal Rule 4(C) were violated and he should have been discharged.

In addressing Blasko's claim, we first turn to the provisions of Criminal Rule 4(C):

---

1. Ind.Code § 35–42–4–9.

2. On February 21, 2006, the trial court granted Blasko's request to certify the matter for an interlocutory appeal, appellant's app. p. 59, 65, and this court granted Blasko's petition to accept jurisdiction of the interlocutory appeal on May 3, 2006. However, we ultimately dismissed the appeal for failure to prosecute and denied Blasko's petition to reinstate the appeal.

(C) Defendant discharged. No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, *or the delay was caused by his act,* or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take notice of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

(Emphasis added).

We note that while Criminal Rule 4(C) places an affirmative duty on the State to bring a defendant to trial within one year of being charged or arrested, extensions are permitted for various reasons. *Cook v. State*, 810 N.E.2d 1064, 1066 (Ind.2004). Indeed, we have determined that "[i]f a delay is caused by the defendant's own motion or action, the one-year time limit is extended accordingly." *Frisbie v. State*, 687 N.E.2d 1215, 1217 (Ind.Ct.App.1997).

Blasko directs us to *Greengrass v. State*, 542 N.E.2d 995 (Ind.1989), in support of his contention that the trial court should have granted his motion to dismiss. In that case, the evidence demonstrated that the State filed criminal charges against Greengrass in October 1980. Although Greengrass was arrested in New York in November 1980 on the charge, the State *"refused* to complete extradition proceedings at that time." *Id.* at 995 (emphasis added). Greengrass was rearrested in New Jersey in August 1986 and extradited to Indiana at that time to face the charges. In reversing Greengrass's conviction, it was determined that because the State chose not to extradite Greengrass in 1980, the delay in bringing him to trial was not chargeable to him. *Id.*

Unlike the circumstances in *Greengrass,* there is no evidence that the State refused to extradite Blasko. In fact, the State authorized the extradition and commenced proceedings to transport Blasko back to St. Joseph County in November 2003, following the Florida arrest. Appellant's App. p. 46–52. There was no refusal or inaction on the State's part with regard to the extradition, and there is no showing that the State ever canceled the extradition order. Rather, the evidence shows that it was Blasko's illness that prevented his transport to Indiana for prosecution by November 17, 2003. Blasko knew that he was facing criminal charges in Indiana and did nothing to make himself available for extradition until May 2005, when he was rearrested. Although we acknowledge that Blasko was not at "fault" for his inability to be transported in light of his illness, we decline to attribute such a delay to the State in accordance with Criminal Rule 4(C). Thus, we conclude that the trial court properly denied Blasko's motion to dismiss.

The judgment of the trial court is affirmed.

BAILEY, J., and ROBB, J., concur.