## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT

Scott L. Barnhart
Brooke Smith
Keffer Barnhart, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Darick L. Loving,<br>*Appellant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee.* | January 31, 2018<br><br>Court of Appeals Case No.<br>82A01-1706-CR-1416<br><br>Appeal from the Vanderburgh<br>Superior Court<br><br>The Honorable Kelli E. Fink,<br>Magistrate<br><br>Trial Court Cause No.<br>82C01-1410-F4-4050 |

**Barnes, Judge.**

## Case Summary

Darick R. Loving brings this interlocutory appeal following the denial of his motion for discharge pursuant to Indiana Criminal Rule of Procedure 4(C). We affirm.

## Issue

The sole issue before us is whether the trial court erred in denying Loving's motion for discharge pursuant to Indiana Criminal Rule of Procedure 4(C) ("Rule 4(C)").

## Facts

On October 15, 2014, the State charged Loving with one count of Level 4 felony sexual misconduct with a minor, and a warrant was issued for his arrest. On March 18, 2015, law enforcement authorities in Cook County, Illinois, arrested and charged Loving with being a fugitive from justice. That day, Loving signed a waiver of extradition wherein he agreed to be transported to Indiana to face prosecution. The Cook County Circuit Court ordered Loving held without bail in anticipation of his extradition to Indiana. Within days, an employee of Vanderburgh County, Indiana, reportedly drove to Illinois to retrieve Loving; the employee ultimately declined to transport him, however, citing Loving's diabetes and his need to inject insulin. The State of Illinois released Loving approximately three or four days later.

Approximately one year later, on April 20, 2016, Loving was arrested in Indiana on the Level 4 felony sexual misconduct with a minor charge. He

moved for discharge pursuant to Rule 4(C) on September 8, 2016; the trial court denied his motion on September 13, 2016. Loving now appeals.[1]

## Analysis

[5] Loving argues that the trial court erred when it denied his motion for discharge pursuant to Rule 4(C). The fundamental right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article 1, Section 12 of the Indiana Constitution. *Clark v. State,* 659 N.E.2d 548, 551 (Ind. 1995). Indiana Criminal Rule 4(C), which implements an accused's speedy trial rights, provides in part:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than **one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later**; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial

---

[1] On September 27, 2016, Loving moved to certify the Order for interlocutory appeal; the trial court granted the motion on November 11, 2016. We accepted jurisdiction of this discretionary interlocutory appeal on August 4, 2017.

within a reasonable time. Any defendant so held shall, on motion, be discharged.

Ind. Crim. Rule 4(C), emphasis added. We review a trial court's ruling on a Rule 4(C) motion for an abuse of discretion. *Curtis v. State,* 948 N.E.2d 1143, 1149 (Ind. 2011).

[6] Our supreme court has reasoned as follows regarding the application of Rule 4(C):

> . . . [T]he focus of Criminal Rule 4 is not fault; it is to ensure early trials. *Carr v. State,* 934 N.E.2d 1096, 1100 (Ind. 2010) ("The Rule does not involve assessment or attribution of any fault or accountability on the part of the State, but generally imposes upon the justice system the obligation to bring a defendant to trial within a set time period . . . ."). The rule places an affirmative duty on the State to bring [the defendant] to trial and allows for limited exceptions to that timeframe. *See Cook* [*v. State*], 810 N.E.2d [1064, 1065 (Ind. 2004)].

*Id.* at 1151.

[7] The record here reveals the following pertinent dates and events: on October 15, 2014, Loving was charged with Level 4 felony sexual misconduct with a minor in Indiana, and the State of Indiana issued a warrant for his arrest. On March 18, 2015, the State of Illinois arrested Loving for being a fugitive from justice. That day, Loving signed a waiver of extradition and agreed to be transported to Vanderburgh County to face prosecution in Indiana. After a failed attempt by Vanderburgh County to transport him, Illinois officials

released Loving within days. On April 20, 2016, the State of Indiana arrested him on the Level 4 felony sexual misconduct with a minor charge for the first time. Loving moved for Rule 4(C) discharge on September 8, 2016; and the trial court denied his motion on September 13, 2016.

[8] "[A] defendant's speedy trial rights in Indiana do not commence until he is within the jurisdiction and exclusive control of Indiana authorities." *Sweeney v. State,* 704 N.E.2d 86, 100 n.27 (Ind. 1998). Loving relies heavily upon *Greengrass v. State,* 542 N.E.2d 995 (Ind. 1989), in which our supreme court found that the trial court erred in overruling the defendant's motion for discharge. In *Greengrass*, the defendant—a New Jersey resident—argued on appeal from his conviction for a robbery committed in Indiana that the trial court erred in failing to grant his Rule 4(C) motion for discharge. The State of Indiana charged the defendant on October 7, 1980; he was arrested on that very charge—and for the same criminal transaction(s)—in New York on November 27, 1980. Indiana refused to extradite him. Nearly six years later, in August 1986, the defendant was re-arrested in New Jersey and extradited to face prosecution in Indiana. Citing the State's failure to extradite in November 1980, the *Greengrass* majority held that the trial court erred in overruling the defendant's motion for discharge.

[9] Here, as in *Greengrass*, we find that Loving's arrest in the foreign jurisdiction, Illinois, for being a fugitive from Indiana commenced the running of the one-year clock. *See* Crim. R. 4(C) (stating the Rule 4(C) one-year clock begins to

tick "from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later").

[10] Next, in our Rule 4(C) analysis, we must analyze whether Indiana authorities were sufficiently diligent in their efforts to extradite Loving. "[W]here the State has actual knowledge of a defendant's arrest in another state based on Indiana charges, the State must act on that knowledge." *Sickels v. State,* 960 N.E.2d 205, 215 (Ind. Ct. App. 2012), *summarily aff'd on this issue,* 982 N.E.2d 1010, 1012-13 (Ind. 2013). In *Blasko v. State,* 920 N.E.2d 790, 792 (Ind. Ct. App. 2010), a panel of this court held that delay resulting from a State's failure to extradite a defendant for reasons related to his or her ill health does not affect the Rule 4(C) timeframe; accordingly, the State need not assume unreasonable medical risks to complete an extradition for purposes of Rule 4(C).

[11] At the hearing on his motion for Rule 4(C) discharge, Loving testified that the Vanderburgh County, Indiana, official who declined to transport him cited his diabetes and his need to inject insulin as her bases for leaving him in Illinois. In light of *Blasko*, and absent further detail regarding Loving's treatment regimen and the severity of his condition, we cannot say that the trial court erred in denying his motion for discharge under Rule 4(C).[2]

---

[2] Loving's arguments that the State of Indiana should be charged with delay regarding the failed extradition effort are unavailing here. *See Curtis*, 948 N.E.2d at 1149 ("[Rule 4(C)] does not involve assessment or attribution of any fault or accountability on the part of the State, but generally imposes upon the justice system the obligation to bring a defendant to trial within a set time period[.]").

# Conclusion

[12] We conclude that the trial court did not abuse its discretion when it denied Loving's motion for discharge under Indiana Criminal Rule 4(C). We affirm.

Affirmed.

Najam, J., and Mathias, J., concur.