

IN THE

# Court of Appeals of Indiana

John William Gertchen,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Nov 12 2025, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

November 12, 2025

Court of Appeals Case No.
25A-CR-919

Appeal from the Johnson Superior Court

The Honorable Brandi Foster Kirkendall, Judge

Trial Court Cause No.
41D01-1904-F2-5
41D01-1906-F4-49

**Opinion by Judge DeBoer**
Judges Bradford and Weissmann concur.

**DeBoer, Judge.**

## Case Summary

[1] John Gertchen was charged with multiple felonies in Johnson County in 2019. He posted bond, failed to appear for a hearing, and warrants were issued for his arrest. When he was arrested in Oregon in 2022, local authorities in Indiana chose not to extradite him. In 2025, after being arrested and returned to Indiana to face his 2019 charges, he filed a motion for discharge pursuant to Indiana Criminal Rule 4(C). He now appeals the trial court's order denying that motion. We affirm.

## Facts and Procedural History

[2] In April 2019, the State charged Gertchen with five felonies for dealing methamphetamine and suboxone in Johnson County. In June, he was charged with an additional felony for possession of methamphetamine under a separate cause number. He was arrested on June 22.

[3] Gertchen's trial was initially set for September 17, but on its own motion, the trial court rescheduled it for October 1. Later, the court granted Gertchen's unopposed motion to continue and reset the trial for December 3. On October 1, he was released on bond. The court granted Gertchen's additional requests to continue the trial dates, and ultimately, the trial was set for March 17, 2020. Then, due to the COVID-19 pandemic, the court reset the trial for July 14. On June 18, Gertchen failed to appear for a pretrial conference, and warrants were issued for his arrest.

[4] In June 2022, Gertchen was arrested on those warrants in Lane County, Oregon, and charged with being a fugitive from justice. He waived his right to formal extradition proceedings, indicating he "consent[ed] to return to the State of Indiana with any authorized agent of that state." Appellant's Appendix Vol. 2 at 45. Lane County authorities contacted the Johnson County Sheriff's Office about arranging Gertchen's transport, and a sergeant responded by asking for an extension of time due to resource constraints. The record is silent on what transpired until January 31, 2023, when a Lane County deputy prosecutor filed a motion to dismiss the fugitive charge against Gertchen, stating "[t]he demanding state does not wish to extradite at this time." *Id.* at 44. The Oregon court granted that motion and Gertchen was released from jail.

[5] On January 13, 2025, the trial court received notice that Gertchen had been arrested and returned to Indiana. At a pretrial conference, the court set trial for March 24; however, on February 19, Gertchen filed a motion for discharge arguing that he was entitled to dismissal of the charges against him under Indiana Criminal Rule 4(C). After the court denied his motion, Gertchen requested permission to pursue an interlocutory appeal. The trial court granted his request, and this Court accepted jurisdiction.

## Discussion and Decision

[6] Gertchen argues that the trial court erred by denying his motion for discharge because more than one year passed since "the State refused to extradite him from Oregon[.]" Appellant's Brief at 5. In other words, he believes the span of time after the State declined to extradite him should count toward the one-year

period it had to bring him to trial under Criminal Rule 4(C). "When, as here, the relevant facts [of a Rule 4(C) issue] are undisputed and the issue presents a question of law, our review is de novo." *Ferman v. State*, 232 N.E.3d 133, 137 (Ind. Ct. App. 2024).

[7] On January 1, 2024, a new version of Rule 4(C) came into effect and Rule 4.2 was adopted. In his appeal, Gertchen cites the current version of Rule 4(C) but asks us not to apply Rule 4.2 because it was not in effect when he was arrested in Oregon in 2022. *See* Appellant's Br. at 5-7. We apply the rules that were in effect at the time Gertchen invoked them by filing his motion for discharge. *See Mitchell v. 10th & The Bypass, LLC*, 3 N.E.3d 967, 974 (Ind. 2014) (applying the amended version of Trial Rule 60 because it was effective when the motion was filed); *see also Woodcock v. State*, 163 N.E.3d 863, 872 (Ind. Ct. App. 2021) (quoting *Smylie v. State*, 823 N.E.2d 679, 687 (Ind. 2005), *cert. denied*) ("[I]t is firmly established that, a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a clear break with the past."), *trans. denied*.[1]

[8] Rule 4(C) provides that "[n]o person can be held on recognizance or otherwise to answer a criminal charge for a period in aggregate exceeding one year from the date the criminal charge against such defendant is filed, or from the date of

---

[1] *See also Carson v. State*, 266 N.E.3d 272 (Ind. Ct. App. 2025) (mem.) (applying the version of Rule 4 in effect at the time the motion for discharge was filed), *trans. denied*.

the arrest on such charge, whichever is later." "The rule places an affirmative duty on the State to bring a defendant to trial within one year of being charged or arrested[.]" *Cook v. State*, 810 N.E.2d 1064, 1065 (Ind. 2004). However, "[d]elays caused by a defendant, congestion of the court calendar, or an emergency are excluded from the time period." Ind. Crim. Rule 4(C). Rule 4.2(A) provides that "[i]f a defendant is charged in Indiana but apprehended outside the state . . . , the Rule 4 time periods commence when the defendant is returned to Indiana[.]"[2]

[9] While Gertchen argues his circumstances are similar to those presented in *Greengrass v. State*, 542 N.E.2d 995 (Ind. 1989), the Supreme Court's adoption of Rule 4.2(A), in its effect, tracks the reasoning Justice DeBruler expressed in his dissent in *Greengrass*. There, the defendant was charged with robbery in Indiana in October 1980 and arrested in New York the next month. *Id.* at 995. "[T]he State of Indiana refused to complete extradition proceedings at that time[,]" but ultimately extradited him after he was rearrested in New Jersey in 1986. *Id.* A majority of our Supreme Court agreed with the defendant that the trial court had erred in denying his motion for discharge under Rule 4(C). *Id.* at 996. The majority reasoned that because the State "chose not to extradite" the defendant after his out-of-state arrest, it had "effected a delay in his trial with which [the defendant could not] be charged." *Id.* In his dissent, Justice DeBruler reasoned

---

[2] Criminal Rule 4.2 was amended on January 1, 2025 before Gertchen filed his motion for discharge, but the language of Rule 4.2(A) remains the same.

that the defendant's New York arrest pursuant to an extradition warrant did not constitute an arrest on his Indiana charges for purposes of Rule 4(C). *Id.* (DeBruler, J., dissenting). Because he did not believe it was the Supreme Court's intent in promulgating Rule 4 "to include that time used in the extradition process or that expiring prior to an actual arrest on Indiana charges[,]" he would have found that the one-year period began in "1986 when [the defendant] was extradited and arrested on the Indiana charge." *Id.* (DeBruler, J., dissenting).

[10] Gertchen's mid-proceedings flight from Indiana falls squarely within the purview of Rule 4.2(A). The rule prescribes that when a defendant is charged in Indiana and apprehended out of state, the Rule 4(C) period does not commence until he is returned to Indiana. Nothing in the plain language of the rule limits its application to an initial arrest. Thus, when a defendant such as Gertchen is charged and arrested in Indiana, fails to appear, flees the state, and is apprehended out of state, the resulting delay is excluded from the Rule 4(C) period and the clock does not begin to run again until he is returned to the state. *See Sweeney v. State*, 704 N.E.2d 86, 100 n.27 (Ind. 1998) (A "defendant's speedy trial rights in Indiana do not commence until he is within the jurisdiction and exclusive control of Indiana authorities.").

[11] For these reasons, the trial court did not err in denying Gertchen's motion for discharge. Over the course of the proceedings, the Rule 4(C) clock ran for two periods—from Gertchen's arrest to his first trial date, and from his return to Indiana until he filed his motion for discharge. By our calculation, the Rule

4(C) clock has run for 126 days and the State has 239 days remaining to bring him to trial.

## Conclusion

[12] We conclude that the trial court did not err in denying Gertchen's motion for discharge pursuant to Rule 4(C).

[13] Affirmed.

Bradford, J., and Weissmann, J., concur.

ATTORNEY FOR APPELLANT

Michael J. Kyle
Franklin, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General
Indianapolis, Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana